IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEVIN MCKINNEY,

      Plaintiff,

vs.

RICHARD BRESNAHAN, et al,

      Defendants.

Case No. 14-cv-00278-SMY-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Kevin McKinney's motion to proceed *in forma pauperis* (Doc. 2). The Court previously reserved ruling on the motion and allowed Plaintiff to file a supplement to his Complaint explaining the facts that gave rise to the violations alleged in the Complaint. Plaintiff filed a Supplement and Memorandum (Doc. 12) on October 6, 2014 with additional facts and documentation to support his initial Complaint.

A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). When assessing a petition to proceed *in forma pauperis,* a district court should inquire into the merits of the claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

Plaintiff alleges county prosecutors, law enforcement officers and a judge conspired, denied due process, ignored factual evidence that he had been denied counsel, manipulated court

documents, provided false information and committed various other acts that violated his civil rights from 1985 until his discharge from probation in 1992. He claims to have recently discovered new information about the terms of his 1986 plea agreement which prompted him to move the state court to vacate his judgment in 2012. The Circuit Court of St. Louis County, Missouri dismissed Plaintiff's motion as untimely and without merit under the cited rule. Plaintiff appealed, and the Missouri Court of Appeals affirmed the lower court's decision. Plaintiff's Complaint in the instant action seeks money damages and injunctive relief due to the alleged malicious prosecution and unlawful conviction. In his Supplement, he adds a prayer to vacate his conviction.

While these are serious allegations, this Court is barred from considering Plaintiff's action. Civil actions seeking damages for harm arising from a criminal conviction are barred unless the conviction or sentence has been reversed, expunged, declared invalid or called into question by a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). Under *Heck*, the alleged unconstitutional events that occurred from 1985 until 1992, which rest on the same facts that surround his criminal conviction, cannot be addressed by this Court unless Plaintiff's conviction is expunged or otherwise resolved.

Accordingly, *Heck* renders Plaintiff's claim legally frivolous. The Court therefore **DENIES** Plaintiff's Motion to Proceed *In Forma Pauperis* and **DISMISSES** this action with prejudice.

**IT IS SO ORDERED.**

**DATED:** October 29, 2014

s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**
